GM SM

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael D. Caraway

(Enter above the full name of the plaintiff or plaintiffs in this action)

FILED
JUL 10 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

vs.

Case No: 22 C 0614
(To be supplied by the Clerk of this Court)

City of Chicago Heights
Det. Anthony Bruno
Det. David DePaolo
Det. Alfredo Salinas
Det. Leo Garza
Det. Stuart Murtagh

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

**CHECK ONE ONLY:**

**AMENDED COMPLAINT**

X **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

____ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I. Plaintiff(s):**

A. Name: Michael D. Caraway

B. List all aliases: MC

C. Prisoner identification number: 20211117099

D. Place of present confinement: Cook County Dept. of Correction

E. Address: 2700 S. California Ave., Chicago, IL 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: City of Chicago Heights

Title: Municipality

Place of Employment: Public Service

B. Defendant: Detective Anthony Bruno

Title: Detective Police Officer

Place of Employment: Chicago Heights Police Dept.

C. Defendant: Detective David DePaolo

Title: Detective Police Officer

Place of Employment: Chicago Heights Police Dept.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

D. Defendant: Alfredo Salinas
Title: Detective Police Officer
Place of Employ: Chicago Heights Police Dept.

E. Defendant: Leo Garza
Title: Detective Police Officer
Place of Employ: Chicago Heights Police Dept

F. Defendant: Stuart Murtagh
Title: Detective Police Officer
Place of Employ: Chicago Heights Police Dept.

G. Defendant: Steve Bakowski
Title: Sergeant Police Officer
Place of Employ: Chicago Heights Police Dept.

Additional Sheet
(page 2 cont.)

Michael D. Caraway
Plaintiff,

Case No: 22 C 0614

vs,

Sergeant Steve Bakowski
Defendants,

Additional Sheet
(cover-page cont.)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. The conviction underlying this action was reversed on 2-22-2021 by the Illinois Appellate Court in People v Caraway, 2021 IL App. (1st) 172412-U.

2. That at the time of my arrest and detention under this action the City of Chicago Heights had been engaged in the practice of using [redacted] "investigative alerts" to arrest and detain suspected people without first obtaining a "probable cause" arrest-warrant from a 4th Amend. court.

3. That I believe that the "investigative alert" was a system, used by the City of Chicago Heights and its police dept.(s), where a police officer reported a suspected crime to his or her supervisor, not a judge, and if the supervisor believed or agreed that there was probable cause then an investigative alert — now called a "safety alert" I believe — goes out or was issued ordering the arrest of a suspect without the presentation of sworn facts to a neutral magistrate or judge.

4. That an illustration of a "investigative alert" policy of said dept.(s) was: Chicago Police Dept. Special Order No. SO4-16 § II.A.1 (eff. Dec. 18, 2018).



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. That during my trial on the aforesaid later reversed conviction a number of Chicago Height Police Dept. ("C.H.P.D.") detectives gave testimony related to their role in the safety alert (investigative alert) that was executed by them to arrest plaintiff before securing a search warrant.

6. That while conducting surveillance on 2025 223rd St. in Sauk Village, IL ("2025 residence"), CHPD Det. David DePaolo testified that around 12:25 A.M. on 2-21-2017 that he saw a woman pull-up at said residence and drop-off a child. A little while later he observed a driver pull-up in a Chevy Impala ("Impala"), come into said residence, and after about 15 min. inside the driver exited said residence, got into a Chevy Tahoe that was in the driveway of it and drove off, followed by plaintiff and the aforesaid child who both got into the Impala and were driven off. He testified that the latter event occurred around 12:45 A.M. on 2-21-2017. And, that he surveilled said residence until his shift ended @ 7:00 A.M.

7. That after Det. DePaolo observed me leaving the 2025 residence in the Impala, Det. Anthony Bruno testified that he received a call alerting him to pull-over the Impala I was in. Det. Bruno arrested me pursuant to said call without a 4th Amend. probable cause arrest-warrant. Det. Bruno further testified that he did not see plaintiff in possession of any drugs or find any in the area where he arrested me.





[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

8. That CHPD Det. Alfredo Salinas testified that he began surveilling the 2025 residence at 4:00 A.M. on 2-21-2017 and during that time two women approached it but he denied them entry into it. He testified that he did not determine if either of them resided there, nor did he determine who owned or rented said residence. Det. Salinas further testified that at about 11:00 A.M., in the morning, on 2-21-2017 officers arrived with a warrant to search the 2025 residence.

9. That CHPD Det. Leo Garza testified that on 2-21-2017 he helped search the two bedrooms on the front-side of the 2025 residence and on cross-examination he admitted that some of the items depicted in the photographs taken within said residence had been moved from their original locations and had been placed in different locations for photographing.

10. That CHPD Det. Stuart Murtagh testified that on 2-21-2017 he was responsible for collecting evidence at the 2025 residence. He identified a piece of unopened mail from Comcast Xfinity that was recovered from the mail box outside the residence, however, he admitted that he had not checked any records to determine whether plaintiff resided at the 2025 residence, and, that although he found mail addressed to others at the residence, he did not know whether he inventoried that particular mail.

11. That CHPD Sergeant Steve Bakowski testified that on 2-21-2017 he searched the "Fourth Bedroom" where he found a "blue folder" and a "red folder" containing sundry documents bearing plaintiff and my sons name — including a certificate of title for a Tahoe bearing my name but with a different mailing and residential address from the 2025 residence address — he stated however that no illegal drugs were found in said "Fourth Bedroom" with those particular items.

12. That Sgt. Bukowski also testified that he is trained to look for articles of clothing and toiletry evidence to prove residency. He stated that he looked for articles of clothing that belonged to plaintiff within the 2025 residence. He did not submit any result of said search into evidence during the criminal trial underlying this action.

13. That Sgt. Bukowski testified that he found mail addressed to someone other than plaintiff inside the 2025 residence. None of said mail was submitted into evidence.

14. That the Illinois Appellate Court that reversed my conviction underlying this action held that, in regard to the drugs and other contraband found in the first and third bedrooms of the 2025 residence, that there was no evidence that plaintiff had either actual or constructive possession based on the detectives' observation of me merely leaving the 2025 residence, or, the 2-6-17 ComEd letter that was addressed to me at said residence which was "not a bill".

15. That plaintiff was arrested under the defendants' "investigative alert" prior to the afore-mentioned "ComEd letter" being found under the "Feb. 21, 2017" @ "11:00 a.m." search warrant that was acquired, after, I had already been arrested and put in custody by virtue of said "investigative alert" simply and solely for being "observ[ed] leaving the Residence".

16. That there were no other witnesses, outside of the CHPD detectives involved and named herein, that either identified or later testified to plaintiff being a resident of the 2025 residence.

17. That plaintiff was not taken back to the 2025 residence but was locked-up at the Chicago Heights' police station when the search warrant was executed at said residence.

18. That I did not reside at the 2025 residence nor did I have a key to it. I was a house-guest of my lady-friend, one of the women I later learned that Def. Salinas had turned away without inquiring their business there and whom I had left the door ajar for, who resided at said location with her roommates — male and female. Which I was not one of, just a boy-friend.

19. That I was on my way home with my son, whose mother had just dropped him off to me at the 2025 residence, when we were pulled-over and I was thereafter arrested by CHPD.

20. That as a result of said conviction I suffered from extreme emotional distress owing to my wife leaving me, my grandmother dying and not being able to attend her funeral, my son now being in the system, catching Covid, etc.

21. Last, but not least once there was Another Constitutional injury, My Due process Clause Of the Fourteenth Amendment was violated, because my Conviction was reversed by the Appellate Court. The record evidence Could not Support reasonably A finding Of guilt beyond A reasonable doubt, the record was entirely lacking in evidence of guilt Such that it Could not even establish probable Cause. Moreover, on Febuary 21, 2017 officer Alfredo Salinas testified although he wore a body Camera, it was his Choice to turn off his body Camera before entering the residence

to execute the Search Warrant. He also testified that it was Chicago Heights policy to do such. Anthony Bruno Also testified that it was Chicago Heights policy that officer defendants did not have to have their body Cameras turned on. These officers lied under oath in A Court of law. The officer defendants also lied to the grand jury for them to indict me. The city of Chicago Heights had a policy, practice or custom of conducting coercive interrogations to lie under oath, lie to the grand jury and produce false reports. All of which Allows me to bring these due process claims under Monell; The City failed to properly, train, supervise or discipline it's officers to prevent Constitutional Violations, and such Conduct Caused me to be falsely Charged, indicted, detained prosecuted and incarcerated for over four years of my life. The City of Chicago Heights failed to protect me and was aware of the risk they Created by the Custom or practice.

Section 10-116.7

The Attorney General Act (15 ILCS 205/10 (b)) Executive Officers

(b) No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, Shall engage in a pattern or practice of conduct by officers that deprives any person of rights, privileges, or immunities Secured or protected by the Constitution or laws of the United States or by the Constitution or laws of Illinois

(a) (1) "Governmental authority" means any local governmental unit in this State, any municipal corporation in this State, or any governmental unit of the State of Illinois. This includes any office, officer, department, division, bureau, board, commission, or agency of the State.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I seek four million dollars in damages for 4 years wrongful conviction;
the five-thousand taken from me at the police station (C.H.P.D.) reimbursed;
the seventy-five hundred dollars I paid for lawyer's fee for said case;
the twelve-hundred dollars I paid for court-fees re said case; and
any other relief to which I am entitled under my pleadings
-including the cost of this action.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 14th day of June, 20 23

Michael Caraway
(Signature of plaintiff or plaintiffs)

MiChael CarawaY
(Print name)

20211117099
(I.D. Number)

2700 S. California Ave
Chicago, IL 60605
(Address)

United States District Court
Northern District of Illinois
Eastern Division

Michael D. Caraway
Plaintiff,

Certificate of Service

vs

City of Chicago Heights
Det. Anthony Bruno
Det. David DePaolo
Det. Alfredo Salinas
Det. Leo Garza
Det. Stuart Murtagh
Sergeant Steve Bakowski
Defendants,

Case No. 22 C 0614

I, Michael D. Caraway, swear under penalty of perjury that I served a copy of the attached document on the following counsel for the defendants by placing it in the mail at the Cook County Dept. of Correction on this 14th [redacted] day of June, 2023 [redacted]

Thomas TJ Somer
421 Ashland Ave
Chicago Hts, IL 60411

Dated 6-14-23 [redacted] /s/ Michael Caraway

Michael Caraway 20211117099
CC DOC
2700 S. California Ave
Chicago, IL 60608

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
7019 1120 0002 2154 0238

quadient
PRIORITY MAIL
IMI
$016.85⁰
06/22/2023 ZIP 60608
043M31244814
US POSTAGE

risoner Correspon nce
Clerk's Office
S. District Court
219 South Dearborn S
Chicago, IL 6060

SCREENED
JUL 10 2023
US MARSHALS

07/10/2023-10

RECEIVED
JUL 10 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

$16.85